

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BANK OF NEW YORK MELLON CORP.
FOREIGN EXCHANGE TRANSACTIONS LITIGATION        MDL No. 2335

TRANSFER ORDER

**Before the Panel:**[*] Defendant Bank of New York Mellon entities[1] (collectively BNY Mellon) move to centralize this litigation in the Southern District of New York. The litigation presently comprises eight actions – three pending in the Southern District of New York, two in the Northern District of California, two in the Western District of Pennsylvania, and one in the Eastern District of Pennsylvania, as listed on Schedule A. The Panel has been notified of one additional related federal action.[2]

Responding individual defendants in the three Southern District of New York actions support centralization in the Southern District of New York. Plaintiff in the Southern District of New York *Louisiana Municipal Police Employees' Retirement System* (*LAMPERS*) action, which is the only action involving alleged violations of the federal securities laws, agrees that the Southern District of New York is the most suitable district for *LAMPERS* and any related, subsequently-filed securities class action.[3] Plaintiffs in the two Northern District of California actions, the Eastern District of Pennsylvania *Southeastern Pennsylvania Transportation Authority* (*SEPTA*) action, and the two Western District of Pennsylvania actions oppose centralization. If the Panel grants BNY Mellon's Section 1407 motion over their objections, then plaintiffs in the two Northern District of California actions argue that the Panel should select the Northern District of California as transferee district, while the Eastern District of Pennsylvania *SEPTA* plaintiff supports selection of either the Southern

---

[*] Judge John G. Heyburn II and Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] The Bank of New York Mellon Corp., Mellon Bank N.A., The Bank of New York Mellon, The Bank of New York Company, Inc., The Bank of New York, and The Bank of New York Mellon Trust Company National Association.

[2] The related action was brought by the United States of America (the Government), and is pending in the Southern District of New York. The Panel's understanding is that the Government's action was not included in the Section 1407 motion because the Government indicated that it is opposed to the action's inclusion in an MDL. That action and any other related actions are nevertheless potential tag-along actions. *See* Rules 1.1(h), 7.1, and 7.2.

[3] The *LAMPERS* plaintiff takes no position as to whether related actions premised on different causes of action should be centralized.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY
Deputy C

- 2 -

District of New York or the Eastern District of Pennsylvania, and also asks that the Panel defer transfer of its action until a ruling on a motion to dismiss pending therein.

Plaintiffs opposing centralization argue that the theories of recovery differ significantly from action to action,[4] and that certain actions are brought against not only BNY Mellon but also defendants not named in other of the actions. Where common factual issues exist, however, the presence of different legal theories among the subject actions is not a bar to centralization. *See In re: M3Power Razor Sys. Mktg. & Sales Practices Litig.*, 398 F. Supp. 2d 1363, 1364 (J.P.M.L. 2005) ("The presence of differing legal theories is outweighed when the underlying actions, such as the actions here, arise from a common factual core."); *see also In re: Zimmer NexGen Knee Implant Prods. Liab. Litig.*, 802 F. Supp. 2d 1374, 1376-77 (J.P.M.L. 2011) ("[C]entralization under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer."). Centralization also does not require a complete identity of parties. *In re: Navistar 6.0 L Diesel Engine Prods. Liab. Litig.*, 777 F. Supp. 2d 1347, 1348 (J.P.M.L. 2011). Indeed, we typically have included securities, derivative, and ERISA actions in a single docket, even where the cast of defendants varies from action to action. *See, e.g., In re: BP Sec., Derivative and Emp't Retirement Income Sec. Act (ERISA) Litig.*, 734 F. Supp. 2d 1380 (J.P.M.L. 2010); *In re: Federal Nat'l Mortg. Ass'n Sec. Derivative & "ERISA" Litig.*, 370 F. Supp. 2d 1359 (J.P.M.L. 2005).

Opposing plaintiffs also argue that centralization would work only an incomplete fix, given the pendency of not only the Government's action in the Southern District of New York (which, as noted, BNY Mellon elected not to include in its motion) but also related state court cases. Our decision to centralize this litigation in the Southern District of New York, however, obviates any need for the Panel to determine whether the Government's action should be formally included in the MDL (over the Government's apparent objections), while, at the same time, enabling the transferee judge to coordinate proceedings in that action with those in the MDL to the extent that he deems necessary.[5] The pendency of related state court litigation cannot be deemed a valid bar to centralization, as transferee judges routinely coordinate their MDLs with related state court proceedings.

---

[4] The eight actions encompass, *inter alia*, California statutory claims, common law breach of contract, fraud, and breach of fiduciary duty claims, shareholder derivative claims, claims for violation of the federal securities laws, and claims for violation of ERISA.

[5] Plaintiff in Northern District of California *International Union of Operating Engineers, Stationary Engineers Local 39 Pension Trust Fund* also argues that its action is significantly advanced, and that transfer to another district will delay its resolution. We note, however, that the scheduled trial of that action is almost a year away, and that BNY Mellon has vigorously disputed plaintiff's characterization of the action's status. (Plaintiff filed an amended complaint in the action on January 5, 2012.)

- 3 -

On the basis of the papers filed and hearing session held, we find that these eight actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual issues arising from allegations concerning BNY Mellon's provision of foreign exchange (FX) services to its clients. Specifically, plaintiffs' allegations involve BNY Mellon's "standing instruction" service – through which a customer gives an order to the bank to execute FX transactions.[6] Centralization will avoid duplicative discovery, eliminate the risk of inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

We conclude that the Southern District of New York is an appropriate transferee district for pretrial proceedings in this litigation. BNY Mellon is headquartered in that district and conducts FX operations there. In addition, three of the eight constituent actions are pending in the district, as is the Government's action. A related action brought by the State of New York is also pending in New York state court, and thus centralization in the Southern District of New York may facilitate any needed coordination between the transferee judge and the presiding state court judge.

We decline the *SEPTA* plaintiff's request for an open-ended delay in the transfer of its action until the issuance of a ruling on a motion to dismiss pending therein. The transferee court is fully capable of addressing that motion. *See In re ClassicStar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1347 (J.P.M.L. 2007) (denying defendant's request that transfer be delayed until transferor court ruled on defendant's motion to dismiss).

---

[6] According to plaintiffs, BNY Mellon stated that it used "best execution" standards in processing "standing instruction" FX transactions, but then manipulated those transactions to extract improper fees at the client's expense. Rather than charging the client the prevailing FX rate at the time the trade was executed, BNY Mellon would note the high and low exchange rates of that trading day, and then, depending on the nature of the transaction (buy or sell), it would charge the client the least favorable rate that occurred during that day. In this manner, BNY Mellon would profit from the spread – or so it is alleged.

Case3:11-cv-03620-WHA Document115 Filed04/17/12 Page4 of 5
Case MDL No. 2335 Document 69 Filed 04/16/12 Page 4 of 5

- 4 -

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Lewis A. Kaplan for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.    Barbara S. Jones
Paul J. Barbadoro    Charles R. Breyer

IN RE: BANK OF NEW YORK MELLON CORP.
FOREIGN EXCHANGE TRANSACTIONS LITIGATION                     MDL No. 2335

### SCHEDULE A

Northern District of California

International Union of Operating Engineers, Stationary Engineers Local 39 Pension
    Trust Fund v. The Bank of New York Mellon Corporation, et al.,
    C.A. No. 3:11-03620
Bank of New York Mellon Corporation False Claims Act Foreign Exchange Litigation v.
    Bank of New York Mellon Corporation, C.A. No. 3:11-05683

Southern District of New York

Iron Workers Mid-South Pension Fund v. Gerald L. Hassell, et al., C.A. No. 1:11-08471
Marilyn Clark v. Gerald L. Hassell, et al., C.A. No. 1:11-08810
Louisiana Municipal Police Employees' Retirement System v. The Bank of New York
    Mellon Corporation, et al., C.A. No. 1:11-09175

Eastern District of Pennsylvania
Southeastern Pennsylvania Transportation Authority v. The Bank of New York Mellon
    Corporation, C.A. No. 2:11-01628

Western District of Pennsylvania
Isabel F. Sansano v. The Bank of New York Mellon Corporation, et al.,
    C.A. No. 2:11-01412
Joan Terrazas, et al. v. The Bank of New York Mellon Corporation, et al.,
    C.A. No. 2:11-01461